UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JAMES BUSCHE, :
:
:
Plaintiff, :
: 18-CV-7425 (JMF)
-v- :
: MEMORANDUM OPINION
MADHU GROVER, et al., : AND ORDER
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     Before the Court is Defendant Grover Partners Limited's ("GPL") motion to modify the preliminary injunction restraining its assets held in bank accounts at Morgan Stanley and Interactive Brokers. Docket No. 47; *see* Docket No. 14 ("Preliminary Injunction"). The Court originally entered the preliminary injunction in GPL's absence (indeed, in the absence of both remaining Defendants, who did not appear in this action until two months after they received actual notice of the motion for preliminary relief, *see* Docket Nos. 8-10, 21). GPL argues (1) that contrary to the Court's earlier determination, Plaintiff is not likely to succeed on the merits of his claims, and (2) that maintaining the preliminary injunction unchanged would be unfair because — with its assets restrained — GPL is unable to defend itself from Plaintiff's recently filed state lawsuit. *See* Docket No. 47-5 ("GPL Mem.").

     As GPL acknowledges, the same standard applies to a motion to modify a preliminary injunction as applies to the original motion for preliminary relief. *See Weight Watchers Int'l v. Luigino's Inc.*, 423 F.3d 137, 141 (2d Cir. 2005); GPL Mem. 2. As before, then, the question is (1) whether Plaintiff will suffer irreparable harm in the absence of the preliminary injunction, and (2) whether Plaintiff is either (a) likely to succeed on the merits or (b) there are instead "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks omitted). But — in contrast to the original motion, when it was Plaintiff's burden to show that the injunction was warranted, *see, e.g.*, *id.* at 405 — on a motion to modify a preliminary injunction the burden shifts to the party seeking modification, here GPL, to show that at least some "changed circumstances" warrant such relief. *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 242 & n.8 (3d Cir. 2003).

     GPL has not made such a showing. GPL objects first to the Court's personal jurisdiction over it, but its objection is limited to the conclusory assertion that GPL "has no . . . contacts" with the forum sufficient to establish jurisdiction. GPL Mem. 4. Of course, that ignores the very bank accounts restrained by the preliminary injunction in this case, but even setting that aside,

GPL's bare assertion that the Court lacks personal jurisdiction is woefully lacking. GPL also asserts that Plaintiff "will be time-barred by New York's six-year statute of limitations" for fraudulent-conveyance claims. That assertion is not only unsupported, but also contradicted by the record, which includes an affidavit (as yet undisputed by GPL) reflecting that in March 2014, Defendant Grover transferred approximately $1.7 million into a bank account held in her mother's name, from which about $1.4 million was transferred into GPL's account at Morgan Stanley in or around June 2016. *See* Docket No. 4-1, at 10-11. Those transactions would fit a fraudulent conveyance claim against GPL comfortably within a six-year statute of limitations.

GPL's final argument is that it would be inequitable to let the preliminary injunction continue unmodified because, unless some funds are unfrozen, GPL will not be able to pay its lawyers. GPL Mem. 2-3. According to GPL, it lacks the funds to pay counsel for its defense in this case and in parallel state litigation that Plaintiff has recently brought. But GPL fails to support that claim with any documentation of its own financial situation or the legal expenses it now faces, other than the unsupported — and detail-free — assertions contained in Defendant Grover's affidavit. *See* Docket No. 47-1, ¶ 3. In another case, the Court might be open to the argument that it would be inequitable to allow a preliminary injunction in lawsuit A to disable a party from defending against what could be a preclusive judgment in parallel lawsuit B. Here, however, GPL has not done enough to satisfy its burden to show that the equities have shifted since the preliminary injunction was first granted.

For the foregoing reasons, GPL's motion to modify the preliminary injunction is DENIED. The Clerk of Court is directed to terminate Docket No. 47.

SO ORDERED.

Dated: June 7, 2019
New York, New York

JESSE M. FURMAN
United States District Judge

2